UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN CHANDLER,            )  <br>                              )  <br>           Petitioner,         )  <br>  vs.                          )   Case No. 1:13-cv-76-TWP-DML  <br>                              )  <br> CRAIG HANKS,                 )  <br>                              )  <br>           Respondent.        ) | |

**Entry Denying Petition for Writ of Habeas Corpus**

This matter is before the Court on Petitioner Kevin Chandler's Petition for Writ of Habeas Corpus (Dkt. 1). For the reasons explained in this Entry, the Petition must be **denied** and this action **dismissed with prejudice.**

## Background

The pleadings and the expanded record in this action establish the following:

1. Mr. Chandler is confined at an Indiana prison. He seeks a writ of habeas corpus with respect to a prison disciplinary proceeding identified as Case No. ISR 12-08-0087, wherein he was found guilty of having violated prison rules of conduct by possessing an electronic device.

2. A conduct report was issued on August 15, 2012, reciting that while conducting an inventory of Mr. Chandler's property, a correctional officer found a fan that had been altered into a charging device.

3. On August 20, 2012, Mr. Chandler was provided with a copy of the written charge and notified of his procedural rights. A hearing was held on August 21, 2012, and Mr. Chandler was found guilty of possession of an electronic device. Mr. Chandler was sanctioned, in part,

with the deprivation of a period of earned good-time and a demotion in his credit class. Mr. Chandler's administrative appeals were rejected and this action followed.

## Mr. Chandler's Claims

Contending that the proceeding described above is tainted by constitutional error, Mr. Chandler seeks a writ of habeas corpus. Mr. Chandler argues that the hearing officer's decision was not supported by sufficient evidence, the sanctions imposed were excessively harsh in violation of policy, and he was denied his right to appeal because of a delay in his receiving a copy of the hearing officer's decision.[1]

## Discussion

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. ' 2254(a) only if it finds the applicant Ais in custody in violation of the Constitution or laws or treaties of the United States.@ *Id.* When a prison disciplinary proceeding results in a sanction that affects the expected duration of a prisoner=s confinement, typically through the deprivation of earned good-time credits or a demotion in credit earning class, the state must follow constitutionally adequate procedures to ensure that the credits are not arbitrarily revoked. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). In these circumstances, Mr. Chandler was entitled to the following process before being deprived of his liberty interests: "(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when

---

[1] Chandler timely filed his appeals at each step of the process and fully exhausted his administrative remedies. He was not denied his appeal rights. No further discussion of this issue is warranted.

consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007) (internal quotation omitted). In addition, there is a substantive component to the issue which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445, 454 (1985).

Under *Wolff* and *Hill,* Mr. Chandler received all the process to which he was entitled. To be specific, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Mr. Chandler was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board issued a sufficient statement of its findings, and (3) the conduct board issued a written reason for its decision and for the sanctions imposed.

Mr. Chandler argues that he had requested at screening that the fan be presented as evidence at the hearing. The screening report indicates that he did not request any evidence. The record indicates that he did not request any evidence until he was yelling at the hearing officer during the hearing. Nonetheless, a photograph of the fan was provided at the hearing.

As to his claim that there was not sufficient evidence to find him guilty, the evidentiary standard of *Hill* is not demanding. Even a conduct report alone can provide sufficient evidence to support a finding of guilt. *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir.1999). The conduct report in this case was written by the officer who examined the fan. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *Id.* (internal quotation omitted). The hearing officer noted that at the time of the hearing,

Mr. Chandler began cursing and demanding that the fan be produced. The hearing officer's decision stated that Mr. Chandler "began to curse and berate DHO – hearing stopped." Mr. Chandler was removed from the hearing but the hearing officer continued to review the evidence and relied on staff reports, a photograph of the fan, and Mr. Chandler's statements at the hearing before finding Mr. Chandler guilty of the charge.

Mr. Chandler's claim that there was insufficient evidence is unavailing. Mr. Chandler was sanctioned with a 90 day earned credit time deprivation, a demotion in credit class, three months in disciplinary segregation, and a written reprimand. He argues that these sanctions were excessive and in violation of Department of Correction policies. The hearing officer noted that these sanctions were imposed because of the severity and nature of the offense, the offender's attitude and demeanor during the hearing, and the degree to which the violation disrupted or endangered the security of the facility. Mr. Chandler's claim as to the harshness of the sanctions must be rejected because this claim is based solely on the theory that the disciplinary hearing violated the Indiana Department of Corrections Adult Disciplinary Policy. Such a claim is meritless because habeas corpus relief cannot be based upon a violation of state law. *Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("state-law violations provide no basis for federal habeas review."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures did not state a claim for federal habeas relief).

"The touchstone of due process is protection of the individual against arbitrary action of government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions, and there was no constitutional infirmity in the proceedings which entitles Mr. Chandler to the relief he seeks. Accordingly, Mr. Chandler's

petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 06/24/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

KEVIN CHANDLER
138734
Wabash Valley Correctional Facility
Inmate Mail/Parcels
6908 S. Old U.S. Highway 41
P.O. Box 1111
Carlisle, IN 47838-1111

All electronically registered counsel